**GOTTLIEB & ASSOCIATES**
ATTORNEYS

150 E. 18th St., Suite PHR • New York, NY 10003
Tel (212) 228-9795 • Fax (212) 982-6284
NYJG@aol.com

March 22, 2023

<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> ***Re:*** *Thorne v. Capital Music Gear LLC,*
> <u>Case No. 1:23-cv-776</u>

Dear Judge Schofield,

Counsel for Plaintiff, Braulio Thorne, On Behalf of Himself and All Other Persons Similarly Situated ("Plaintiff"), and Counsel for Defendant, Capital Music Gear LLC, ("Defendant") (collectively, the "Parties") in the above-referenced matter write pursuant to Your Honor's Order on February 6, 2023 (Dkt. 6). The Initial Conference is scheduled for March 29, 2023 at 4:10 PM. The Parties are in agreement with respect to the proposed discovery deadlines and do not believe an Initial Conference is necessary at this time. In the event Your Honor deems an Initial Conference necessary, on consent of the Defendant, Plaintiff's Counsel respectfully requests the Initial Conference take place telephonically as a reasonable accommodation to Plaintiff's Counsel's disability.

**1. Brief Statement of the Nature of the Action and Principal Defenses**

<u>Plaintiff's Statement:</u>

This is a website accessibility case under Title III of the Americans with Disabilities Act, and state and local laws. Defendant owns and operates the website https://www.capitalmusicgear.com/, (the "Website") and advertises, markets, distributes, and/or sells its services in New York State. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's attempt to purchase drumsticks and other products available online. As a result, the Plaintiff was unable to access vital information relating to pricing, shipping, ordering merchandise and return and privacy

policies on their website and therefore she was denied access to the website equal to sighted individuals.

Plaintiff, Braulio Thorne is legally blind and cannot use a computer without the assistance of screen-reading software: this is software that vocalizes the visual information found on a computer screen or displays the content on a Braille display. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's attempt to purchase drumsticks and other products available online from the Defendant's website and therefore denied him access to the website equal to sighted individuals.

Defendant's website is a place of public accommodation in and of itself because its Website is wholly interactive and it participates in New York's economic life by clearly performing business over the Internet. Through its Website, Defendant entered into contracts for the sale of its products and services with residents of New York. These online sales contracts involve, and require, Defendant's knowing and repeated transmission of computer files over the Internet. *See Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018) (exercising personal jurisdiction over forum plaintiff's website accessibility claims against out-of-forum website operator); *Andrews v. Blick Art Materials*, LLC, 286 F. Supp. 3d 365 (E.D.N.Y. 2017).

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, <u>every</u> District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC,* No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-cv-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company violates the ADA when it fails to make their websites equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id.*

<u>Defendant's Statement</u>

At this earliest stage, Defendant anticipates it will assert one or more of the following defenses: 1) lack of standing under FRCP 12(b)(1) due to Plaintiff's having filed numerous similar complaints combined with a lack of particularity in specific allegations regarding Defendant's website (*see, e.g., Calcano v. Swarovski, et al.*, 2022 U.S. App. LEXIS 15177, at *11 (2nd Cir. 2022)); 2) Defendant's website is not a place of public accommodation within the

meaning of the ADA (not yet decided by Second Circuit); 3) Secondary means of accessing the site and purchasing Defendant's products satisfies the ADA; 4) Plaintiff's claims are moot as any alleged barriers have been addressed; 5) Plaintiff will not be able to bear his burden of proof that the website was not compliant; 6) Defendant already had accessibility disclaimers on its website prior to Plaintiff's alleged visits and believed it was in substantial compliance with the ADA. Discovery has not yet started, and therefore, Defendant's defenses are still under development.

### 2. Subject Matter Jurisdiction and Venue

<u>Plaintiff's Statement</u>:

The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

<u>Defendant's Statement</u>:

Defendant does not anticipate challenging venue or subject matter jurisdiction in this matter at this time.

### 3. N/A

### 4. Contemplated Motions

<u>Plaintiff's Response</u>

Following the close of discovery, Plaintiff anticipates making a Summary Judgment motion as well as a motion for Class Certification. Additionally, Plaintiff anticipates that a trial in this matter would last no more than 3-5 days.

<u>Defendant's Response</u>

Consistent with Judge Schofield's Individual Rules and Procedures, Defendant anticipates seeking leave to file a motion to dismiss regarding lack of standing and the other positions cited above.

### 5. Discovery

No Discovery has taken place at this time.

### 6. N/A

**7. Settlement**

The parties have engaged in settlement negotiations and believe the negotiations will be fruitful therefore we do not believe a settlement conference is necessary at this time.

We sincerely thank Your Honor and this Court for its time and attention to this matter.

Respectfully submitted,

*/s/Jeffrey M. Gottlieb Esq.*

Jeffrey M. Gottlieb, Esq.
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, NY 10003
Phone: (212) 228-9795
Fax: (212) 982-6284
Jeffrey@Gottlieb.legal
*Attorneys for Plaintiffs*

*/s/John Robert Skrabanek, Esq.*

John Robert Skrabanek, Esq.
Thompson & Skrabanek, PLLC
42 W. 38th Street Ste 1002
New York, NY 10018
Phone: 646-568-4280
Fax:
Jrs@ts-Firm.Com
*Attorneys for Defendant*