

# THOMPSON & SKRABANEK, PLLC
## NEW YORK

April 6, 2023

<u>Via ECF</u>
Hon. Lorna G. Schofield
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Braulio Thorne, on behalf of himself and all other persons similarly situated, v. Capital Music Gear LLC,* Case No. 1:23-cv-00776-LGS, in the Southern District of New York

Dear Judge Schofield:

We represent Defendant, Capital Music Gear LLC ("Defendant" or "Capital Music") in the above-referenced matter. We write pursuant to Rule III.C.2 of Your Honor's Individual Motion Practices and Rules in order to move for dismissal of the Complaint filed by Braulio Thorne ("Plaintiff" or "Thorne") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6).

I.   **Factual Allegations**

Capital Music is a small Wisconsin retailer that sells music instruments and related gear through a website that is publicly available at https://www.capitalmusicgear.com. "Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer." *Complaint* ¶ 2. Plaintiff asserts that during his visits to Capital Music's website, "the last occurring on December 21, 2022, in an attempt to purchase drumsticks from Defendant, Plaintiff encountered multiple access barriers that denied Plaintiff a shopping experience similar to that of a sighted person and full and equal access to the goods and services offered to the public and made available to the public…" *Id.* ¶ 30. The Complaint asserts violations of the ADA, New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and it seeks declaratory relief, a permanent injunction, compensatory damages, and attorney's fees. *Id.* at 27-28.

The Complaint is just one of approximately **147** distinct complaints filed by Plaintiff in the Southern District of New York since 2018 for a website's alleged violations of the ADA. *See* <u>Exhibit A</u>, April 5, 2023 PACER Case Locator search results for Braulio Thorne, annexed hereto.

II.   **Basis for Motion to Dismiss**

First, the Complaint should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has failed to show that he suffered an injury in fact that supports Article III standing. To survive a motion to dismiss, Plaintiff is required to allege "with sufficient specificity" "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022); *Monge v. 405 Hotel, LLC*, 2021 WL 982866 (E.D.N.Y. Feb. 24, 2021), report & recommendation adopted, 2021 WL 980870 (E.D.N.Y. Mar. 15, 2021). Here, the Complaint utterly fails to allege any credible concrete harm whether physical, monetary, or emotional, "with sufficient specificity". *Id.* It merely mentions one date on which Plaintiff allegedly tried to buy "drumsticks and other related items" from Defendant's website. *Complaint* ¶ 30. It does not specify the type of drumsticks "and other related items" he wanted to purchase, whether he has purchased drumsticks in the past, how many times Plaintiff attempted to make a purchase on the website, whether he is a former customer of Capital Music, how he came to learn about Capital Music, what attracted him to Capital Music, etc.

Further, Plaintiff fatally fails to plausibly allege "a likelihood of future harm." *Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619, at *3 (S.D.N.Y. Dec. 18, 2020) (quoting *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) ("Where, as here, a plaintiff seeks injunctive relief, he 'must also prove that the identified injury in fact presents a real and immediate threat of future injury, often termed a likelihood of future harm.'"). In this regard, the Complaint merely alleges the following: "Plaintiff intends to immediately revisit the Website to purchase drumsticks from Defendant as soon as the access barriers are removed from the Website." *Complaint* ¶ 34. Such conclusory statements do not lead to a reasonable inference of intent to return. For example, recently in *Tavarez v. Moo Organic Chocolates, LLC*, the Southern District held that the plaintiff therein failed to prove intent to return in spite of the following conclusory allegation: "Plaintiff remains unable to, but still strongly desires and intends to, purchase chocolate from Defendant's website as soon as the barriers that impede his ability to do so are removed." No. 21-CV-9816 (VEC), 2022 WL 3701508, at *4 (S.D.N.Y. Aug. 26, 2022), motion to certify interlocutory appeal denied, 2022 WL 17094631 (S.D.N.Y. Nov. 21, 2022). The allegations were simply not credible and specific enough. *Id.*

In *Calcano v. Swarovski, et al.*, the Second Circuit made abundantly clear that ADA website claimants who do not allege specific facts to establish likelihood of future harm will have their claims dismissed. The Court held, "[t]he central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" 36 F.4th 68, 74 (2d Cir. 2022). "Mad-Libs-style complaints," combined with a "cookie-cutter assertion of standing," no longer satisfy the traditional standing requirements for ADA claims in the Second Circuit. *Id.* When combined with the other scarce details in Plaintiff's Complaint, the bare allegation that Plaintiff "intends to immediately revisit the Website" (*Complaint* ¶ 34), fails to meet this minimum standard. *Calcano*, 2022 U.S. App. LEXIS 15177, *15; *Guglielmo,* 2020 WL 7480619, at *5 (similar, dismissing ADA claim for lack of standing because plaintiff "has not alleged any future concrete plan to visit the Website"); *Bernstein*, 621 F. App'x 56, 59 ("Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors."); *Hennesssy by & through Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM) (RML), 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022) (plaintiff's allegation "that he lives in Kings County, that he frequently travels to the area where Defendants' business is located, and that he intends to



patronize Defendants' business several times a year after it becomes fully accessible are vague, lacking in support, and do not plausibly establish standing to seek injunctive relief under the ADA.")

Second, the Complaint should also be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because is not a "place of public accommodation" as required under 42 U.S.C. § 12182(a) and defined under 42 U.S.C. § 12181(7). Capital Music does not operate any physical store or retail shop.[1] The Federal Circuits are split on the issue of whether websites not linked to any physical location are "places of public accommodation." Most Circuit Courts have held that standalone websites are **not** places of public accommodation. *See Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1277 (11th Cir. 2021); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1010–11 (6th Cir. 1997) (en banc); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). The Second Circuit has not yet addressed this precise issue. It is true that certain judges within this district have held that even standalone websites are subject to the ADA. *See, e.g., Tavarez*, 2022 WL 3701508, at *2. Others have held to the contrary. *See e.g., Winegard v. Newsday LLC*, 556 F.Supp.3d 173, 174 (E.D.N.Y. 2021) (holding that "ADA excludes, by its plain language, the websites of business with no public-facing, physical retail operations from the definition of 'public accommodations.'"); *Martinez v. MyLife.com, Inc.*, No. 21-CV-4779 (BMC), 2021 WL 5052745, at *2 (E.D.N.Y. Nov. 1, 2021) (noting that the plain text of Title III "contemplates inclusion of only businesses with a physical location"). In this case, until the Second Circuit settles this issue, Defendant asks this Court to follow the more persuasive reasoning of the *Winegard* court in holding that the ADA is not applicable to websites like Capital Music's that are not linked to any brick-and-mortal location.

Third, the Complaint should be dismissed because Capital Music's website provides a secondary means of purchasing goods via an alternate method of access, namely by email or telephone. Further, throughout the relevant period, Defendant's website included (and still does include) an accessibility statement link displayed on every page that allows contact by phone number or email. All of these links are readable with a screen reader. *See Lopez v. Stop & Shop Supermarket Co. LLC*, No. 19-CV-9913 (JMF), 2020 WL 4194897, at *1 (S.D.N.Y. July 21, 2020) (citing *Thorne v. Boston Market Corp.*, No. 19-CV-9932 (RA), 2020 WL 3504178, at *8-10 (S.D.N.Y. June 29, 2020)).

Fourth, Plaintiff's claims are moot since Capital Music has remedied any alleged violations of the ADA made in the Complaint. *See Diaz v. The Kroger Co.,* No. 18 Civ. 7953 (KPF), 2019 WL 2357531 (S.D.N.Y. June 4, 2019). Fifth, if Plaintiff's ADA claim is dismissed for lack of subject matter jurisdiction, his additional claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") are also subject to dismissal. *See Kreisler v. Humane Society of New York*, No. 16 CIV. 8177 (LGS), 2018 WL 4778914, at *3 (S.D.N.Y. Oct. 3, 2018) (finding a lack of standing under the ADA and for the same reasons under the New York State Human Rights Law and New York City Human Rights Laws).

---

[1] As such, this case is distinguishable from those cases involving websites where the goods and services being offered on a website are linked to a physical "place." *See, e.g., Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393-95 (E.D.N.Y. 2017) (Weinstein, J.); *Markett v. Five Guys Enterprises LLC*, No. 17-CV-788 (KBF), 2017 WL 5054568, at *2 (S.D.N.Y. July 21, 2017) (Forrest, J.); *Suvino v. Time Warner Cable, Inc.*, No. 16 CV 7046-LTS-BCM, 2017 WL 3834777, at *1 (S.D.N.Y. Aug. 31, 2017), adhered to on denial of reconsideration, No. 16 CV 7046-LTS-BCM, 2017 WL 11569346 (S.D.N.Y. Nov. 6, 2017) (Swain, J.).



Finally, this Court should not grant Plaintiff leave to amend because Defendant's proposed motion will not be obviated by an amendment to the pleadings. Rather, this lawsuit is merely a continuation of Plaintiff's serial campaign of filing largely identical "cut and paste" complaints against small businesses, thereby distorting the purposes for which the ADA was enacted. It also appears that counsel for Plaintiff has filed over 1,450 (and counting) separate ADA complaints in this Circuit alone.

**Relief Requested**

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant leave to file a motion to dismiss on or before June 9, 2023.

Sincerely,

J.R. Skrabanek, Esq.

cc:  Client (*via e-mail*)
   Jeffrey M. Gottlieb, Esq., Counsel for Plaintiff (via *ECF*)

