

**GOTTLIEB & ASSOCIATES**
ATTORNEYS
150 E. 18th St., Suite PHR • New York, NY 10003
Tel (212) 228-9795 • Fax (212) 982-6284
NYJG@aol.com

April 11, 2023

<u>**VIA ECF**</u>
The Honorable Lorna G. Schofield
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      ***Re:*** *Thorne v. Capital Music Gear LLC,*
         <u>Case No. 1:23-cv-776</u>

Dear Judge Schofield,

  The undersigned represents Braulio Thorne, on behalf of himself and all other persons similarly situated ("Plaintiff") in the above-referenced matter against Capital Music Gear LLC*,* ("Defendant"). Pursuant to III.C.2 of Your Honor's Individual Practices in Civil Cases, we oppose Defendant's request for a Pre-Motion Conference with respect to their anticipated motion to dismiss. For the reasons stated below, the Court should deny Defendant's request.

### Background

  This is a website accessibility case under Title III of the Americans with Disabilities Act, and state and local laws. Defendant owns and operates the website https://www.capitalmusicgear.com/, (the "Website") and advertises, markets, distributes, and/or sells its services in New York State. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's attempt to purchase drumsticks and other products available online. As a result, the Plaintiff was unable to access vital information relating to pricing, shipping, ordering merchandise and return and privacy policies on their website and therefore he was denied access to the website equal to sighted individuals.

  **I.** **The Plaintiff Has Standing in this Matter.**

  The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332.

  Plaintiff, Braulio Thorne, is legally blind and cannot use a computer without the assistance of screen-reading software: this is software that vocalizes the visual information found

on a computer screen or displays the content on a Braille display. Defendant's website is, however, not designed to be read by screen-reading software, in violation of the Americans with Disabilities Act ("ADA"). Because of this, Plaintiff encountered broken links, empty links that contain no text, and various other barriers that thwarted the Plaintiff's attempt to purchase drumsticks and to ascertain information relating to pricing, shipping, ordering merchandise and return and privacy policies on their website and therefore denied him access to the website equal to sighted individuals.[1]

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, every District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC,* No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-cv-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held that a company violates the ADA when it fails to make its website equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id.*

The U.S. Const. Art. III "requirement that Plaintiffs adequately allege an *injury in fact* "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem.*** "[A]n identifiable trifle is enough for standing to fight out a question of principle." Because this appeal arises at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss courts presume that general allegations embrace those specific facts that are necessary to support the claim (citations omitted)." *Citizens for Responsibility & Ethics in Wash. v. Trump*, 939 F.3d 131, 137 (2d Cir. 2019).[2]

---

[1] "To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future" *Loadholt v. ShirtSpace*, 2023 US Dist LEXIS 36924 [SDNY Mar. 6, 2023, No. 22-CV-02870 (ALC)].

[2] Here, like in *Roman v. Greenwich Vil. Dental Arts P.C.*, 2022 US Dist LEXIS 165400 [SDNY Sep. 13, 2022, No. 21-cv-5939 (JGK)]). "The plaintiff alleges that he has tried, unsuccessfully, to use the website in the past. Because the website is inaccessible, the plaintiff alleges that he has been denied access to the services it offers. Furthermore, the plaintiff alleges that he would use the website in the future were the website made accessible . . . The plaintiff has therefore suffered an actual injury that is both concrete, insofar as the plaintiff has been denied services available to sighted individuals, and particularized, insofar as the plaintiff himself has attempted to access the website" *See also*, *Sanchez v. NutCo, Inc.*, 2022 US Dist LEXIS 51247, at *5 [SDNY Mar. 22, 2022, No. 20-CV-10107 (JPO)]).

The Plaintiff has alleged plausible intent to return to Defendant's Website. Due to the known barrier that exists (Defendant's Website is inaccessible in violation of Title III of the ADA) and has no intention of being remedied, a visit to Defendant's Website would be a 'futile gesture,' as these violations are ongoing and will continue if the Defendant does not remediate the deficiencies of its Website. *See Small v. General Nutrition Cos.*, 388 F. Supp. 2d 83 (E.D.N.Y. 2005) *See also*, *Steger v. Franco, Inc.*, 228 F.3d 889, 891 (8th Cir. 2000); *Ortiz v. Westchester Med. Ctr.* Health Care Corp., No. 15-CV-5432 (NSR), 2016 U.S. Dist. LEXIS 161777, 2016 WL 6901314, at *6 (S.D.N.Y. Nov. 18, 2016). *See also Mosley v. Kohl's Department Stores, Inc.*, No. 19-1106 (6th Cir. 2019); *O'Hanlon v. Uber Techs., Inc.*, Civil Action No. 2:19-cv-00675, 2019 U.S. Dist. LEXIS 196029, at *1 (W.D. Pa. Nov. 12, 2019).

## II. The Plaintiff States a Valid Claim Under The ADA

Plaintiff has stated a claim under Title III of the ADA. The Complaint alleges Plaintiff is disabled within the meaning of the ADA; states the Plaintiff's attempts to inquire about purchasing drumsticks from the Defendant as well as the barriers encountered by the Plaintiff. The Plaintiff's attempts to access the Website were futile because of substantial barriers to accessibility which made the Website almost impossible to navigate. *In arguendo*, even if the Plaintiff was able to somehow access the Website despite the numerous and substantial barriers, Title III of the ADA requires "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation". 42 U.S.C. § 12182(a) (Emphasis Added). Title III also requires that places of public accommodations provide "appropriate services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); see also 42 U.S.C. § 12182(b)(2)(A)(iii), *see also Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012). The Defendant's Website is a "place of public accommodation" because it is a sales establishment. 42 USC 12181(7). Further, the existence of auxiliary aids does not remedy violations of the ADA because their mere existence does not provide for full and equal access to their Website.

## III. The Plaintiff's Claims are Not Moot.

To dismiss a Title III ADA claim as moot, a movant must demonstrate that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 201 (S.D.N.Y. 2016) (emphasis in original) (*quoting Gropper v. Fine Arts Hous., Inc.*, 12 F. Supp. 3d 664, 670 (S.D.N.Y. 2014)).

Here, Defendant has not established that "it [is] absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610, (2000) (*quoting United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968)). (*Markett v Five Guys Enters. LLC*, 2017 US Dist LEXIS 115212, at *6 [SDNY July 21, 2017, No. 17-cv-788 (KBF)]). While Defendant claims their website is now in compliance, it makes no guarantee that their Website will remain in compliance. In

arguendo, should Defendant's Website come into compliance, it does not moot the past harm that occurred as a result of their inaccessibility to the Plaintiff when the lawsuit was commenced.

Further, it would be improper at the Motion to Dismiss stage to claim mootness. The issue of compliance or to what degree the Defendant's Website will be compliant is an issue of fact, best saved for Expert Discovery where an independent source can either verify or dismiss the Defendant's claim. The Defendant's pre-motion letter offers no real evidence to support these claims of compliance.

Accordingly, the Court has Subject Matter Jurisdiction over this Action and the Plaintiff has stated a claim under Title III and analogous State and City Human Rights laws, as well as established standing in this action. For these reasons, we respectfully request the Defendant's request for a pre-motion conference be denied.

Respectfully submitted,

*/s/Michael A. LaBollita, Esq.*
Michael A. LaBollita, Esq.