```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
BRAULIO THORNE, on behalf of himself and                     :
all other persons similarly situated,                        :
                                                             :      23 Civ. 776 (LGS)
                                             Plaintiff,      :
                        -against-                            :      OPINION AND ORDER
                                                             :
CAPITAL MUSIC GEAR LLC,                                      :
                                             Defendant.      :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Braulio Thorne brings this action against Defendant Capital Music Gear LLC, individually and on behalf of a putative class of others, for violations of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") and for declaratory judgment.  Defendant moves under Rules 12(b)(1) and 12(b)(6) to dismiss all claims in the First Amended Class Action Complaint ("FAC").  The motion under Rule 12(b)(1) is granted because Plaintiff lacks standing, and the Court therefore lacks subject matter jurisdiction.  Without jurisdiction, the Court lacks the power to adjudicate the sufficiency of the pleading under Rule 12(b)(6).  *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022).

**I.    BACKGROUND**

The following facts are taken from the FAC and documents it incorporates by reference. *See Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021).  These facts are assumed to be true for purposes of this motion and are construed in the light most favorable to Plaintiff as the non-moving party.  *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022).  For purposes of resolving the jurisdictional issues, facts also are taken from exhibits attached to the

Defendant's memoranda of law in support of its motion to dismiss. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *accord Rai v. Rai*, No. 21 Civ. 11145, 2023 WL 2456831, at *2 (S.D.N.Y. Mar. 10, 2023).

Plaintiff is a visually impaired and legally blind person who requires screen-reader software to view websites. Plaintiff is a musician and drummer who also teaches percussion, including to other blind persons. On "separate occasions," including December 21, 2022, Plaintiff browsed and attempted to purchase "drumsticks and other related items" on Defendant's website, https://www.capitalmusicgear.com/ (the "Website"). Defendant is based in Wisconsin and through its website sells products nationally, including in New York. Defendant sells audio products, including musical instruments and audio equipment and markets itself as seeking to "improve the online shopping experience for musicians and music enthusiasts."

The Website allegedly does not interact properly with screen-reader software. When Plaintiff visited the Website, he experienced accessibility difficulties such as not being able to add items to his cart and not being able to locate pricing information for Defendant's products. These accessibility difficulties allegedly stem both from the Website not adequately labelling textboxes in drop-down menus, resulting in Plaintiff's being unable to use the menus in unlabeled areas of the Website, and also from the Website not allowing Plaintiff to input information in textboxes, resulting in his being unable to contact Defendant and inquire about purchasing drumsticks. The FAC alleges that the Website lacks alternative text captions, contains empty, broken or redundant links and has similarly titled pages, which cause navigational issues for screen-reader users. The FAC states that Plaintiff "intends to immediately revisit the Website to purchase drumsticks from Defendant as soon as the access barriers are removed from the Website."

The FAC also includes two reports prepared for Plaintiff by digital accessibility audit firms. The first, a report prepared on December 1, 2022, by SortSite by PowerMapper (the "PowerMapper Report"), lists numerous accessibility issues across hundreds of pages on the Website and states the relevant World Wide Web Consortium's Web Content Accessibility Guidelines ("WCAG") that the Website fails to satisfy. The second report, prepared on May 10, 2023, by ADASure (the "ADASure Report"), describes four remaining issues with the Website with accompanying annotated screenshots of the Website and applicable WCAGs. The ADASure report includes the curriculum vitae of Michael McCaffrey, founder of ADASure and preparer of the report, and details his experience in the fields of information science and software accessibility.

In support of its motion to dismiss, Defendant submitted the Affidavit of Corey Borgen (the "Affidavit"), Defendant's Founder and Owner. The Affidavit states that Borgen has a background in business management and, prior to the lawsuit, was aware of the existence of the ADA and WCAG. The Affidavit states that the Website was built with WCAG in mind. The Affidavit asserts that Defendant has an accessibility policy visible on the Website. Additionally, the Affidavit explains that after commencement of this lawsuit, Defendant reviewed the website and "identified opportunities to make the site more accessible." The Affidavit asserts that Defendant has since used publicly available ADA audit sites, which have shown that the Website "is currently testing with better accessibility results than other sites" Defendant chose to audit. The Affidavit also asserts that Defendant tested the FAC's allegation that screen-reader users were unable to add items to the cart or locate pricing information using the ADA audit sites and was unable to replicate the issue. The Affidavit states Defendant has hired a third-party

3

mitigation company to audit the site "going forward" to ensure it complies and remains in compliance with WCAG and adopts other best practices not included in the guidelines.

## II.   STANDARD

A Rule 12(b)(1) motion challenging subject matter jurisdiction may be based solely on the complaint or may rely on evidence beyond the pleadings. *Harty*, 28 F.4th at 441. "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).[1] But when "jurisdictional facts are placed in dispute" the court must "decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Harty*, 28 F.4th at 441. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain*, 838 F.3d at 134.

## III.  DISCUSSION

### A.   Standing

Plaintiff lacks standing to assert his claim for injunctive relief under the ADA because he has not sufficiently shown his intent to return to the Website. Article III of the Constitution confines federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case -- in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). One of the requirements for standing is that the plaintiff suffered an "injury in fact." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *accord Calcano v. Swarovski N. Am. Ltd.*, 36

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

F.4th 68, 74 (2d Cir. 2022).  This injury must be "concrete, particularized, and actual or imminent."  *Calcano*, 36 F.4th at 74.  A plaintiff seeking injunctive relief -- the only remedy available under Title III of the ADA -- must also show that he "is likely to be harmed again in the future in a similar way," and "[s]uch threatened injury must be certainly impending to constitute injury in fact."  *Id.* (emphasis omitted).

In the ADA context, to show an injury in fact sufficient for standing to seek injunctive relief, a plaintiff must prove by a preponderance of the evidence:  "(1) . . . past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location."  *Id.* (stating requirements for only a facial and not factual challenge to standing, so that past injury was required to be "alleged" rather than shown); *Guerrero v. Ogawa USA Inc.*, No. 22 Civ. 2583, 2023 WL 4187561, at *2 (S.D.N.Y. June 26, 2023) (noting that where a factual challenge to subject matter jurisdiction is made, "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists").  "These considerations may assist courts in determining whether an alleged prospective injury is sufficiently concrete and particularized.  In particular, the focus of the third factor -- i.e., intent to return based on past visits and proximity -- is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing."  *Calcano*, 36 F.4th at 74-75.

1. **Past Injury**

The FAC shows that Plaintiff experienced "past injury under the ADA."  *See id.* at 74.  This requirement sets a "low threshold," that can be satisfied by a showing that a plaintiff was deterred from an action by a defendant's conduct.  *See Sonterra Cap. Master Fund Ltd. v. UBS*

*AG*, 954 F.3d 529, 534 (2d Cir. 2020) ("low threshold"); *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (finding past injury where plaintiff was deterred from entering a business due to accessibility barriers); *accord Dominguez v. Banana Republic, LLC*, 613 F. Supp. 3d 759, 765 (S.D.N.Y. 2020), *aff'd sub nom. Calcano*, 36 F.4th 68 (past injury "can take two forms: direct injury from personally encountering disability-based discrimination or deterrence from using [d]efendant's property because it is not ADA compliant").

The FAC provides a specific date when Plaintiff attempted to purchase a specific product on the Website, and the specific accessibility barriers he encountered in doing so. These allegations are sufficient to show "injury in fact." *See, e.g.*, *Sanchez v. NutCo, Inc.*, No. 20 Civ. 10107, 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022) (discussing similar allegations and collecting cases). The FAC alleges that Plaintiff was not able to locate pricing or add items to the cart and lists alleged screen-reader issues that contributed to Plaintiff's difficulty using the site, including inadequately labeled text boxes, text boxes that did not allow him to input information, lack of alternative text or text equivalent captions, empty links, broken links, redundant links and pages with the same title elements. The FAC's allegations are bolstered by the PowerMapper Report, which provides a high-level summary of the nature and volume of WCAG violations that make the Website difficult to use for visually impaired people. The allegations as a whole, together with the PowerMapper Report, are sufficient to show that Plaintiff experienced difficulties navigating and using the Website due to the alleged screen-reader incompatibilities. These allegations are sufficiently pleaded to support the assertion that Plaintiff could not effectively navigate the Website or complete a purchase using a screen reader.

Defendant argues that the pricing field and "Add item to Cart" button were not broken and that the other alleged barriers were not sufficiently connected to Plaintiff's alleged injury.

However, Plaintiff sufficiently alleges that the issues he encountered hindered his use of the Website and affected other users of screen-readers.  While the Borgen Affidavit disputes the FAC's allegations, it also admits that there were deficiencies with the Website when Plaintiff filed his original complaint, although the Affidavit claims those deficiencies have since been addressed.  Plaintiff has proven by a preponderance of the evidence that he suffered a past injury under the ADA.

### 2. Continuation of Discriminatory Treatment

Plaintiff has also established the second requirement of the ADA injury-in-fact test -- that the discriminatory conduct has continued.  Courts have held this element satisfied where a plaintiff has made repeated visits to an allegedly inaccessible website and encountered continuing barriers.  *See, e.g.*, *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 82 (S.D.N.Y. 2022); *Davis v. Wild Friends Foods, Inc.*, No. 22 Civ. 04244, 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023).  The FAC alleges that Plaintiff visited the Website "on separate occasions," including on December 21, 2022, when he allegedly experienced a number of accessibility barriers.  The PowerMapper Report, dated December 1, 2022, details numerous accessibility issues found on the Website.  While the Borgen Affidavit alleges that these accessibility deficiencies have since been addressed, the affidavit does not dispute that there were accessibility issues that remained present on the Website until Defendant began its remediation efforts at some point after this lawsuit was filed in January 2023.  Plaintiff's ADASure Report, completed on May 10, 2023, after Defendant allegedly remedied the accessibility issues, identified four accessibility issues remaining across the Website's various pages, which plausibly may hinder a screen-reader user's ability to make purchases and use the Website.

7

Defendant argues that the FAC does not sufficiently connect these remaining deficiencies to Plaintiff's attempted use of the Website, that these deficiencies would not have prevented a user from placing an order or contacting Defendant and that, in any event, Defendant could not replicate the alleged issue with the PayPal button failing to read when using a screen reader. Plaintiff's ADASure Report details deficiencies as of May 2023 that are not addressed with specificity in Defendant's submissions beyond its argument that Plaintiff did not allege that he himself attempted to use the four elements described. The ADASure Report ties those deficiencies to specific portions of the WCAG. These allegations are presented with sufficient detail to support Plaintiff's claim that accessibility barriers persist on the Website. The alleged lack of alternative text for the PayPal button, issues with form inputs, lack of labels and lack of clear focus changes related to the cart supports the FAC's allegation that screen-reader users still cannot add items to the cart or effectively navigate the Website to make purchases. Based on these findings, it is "reasonable to infer" that accessibility barriers on the Website "would continue" because they have continued despite Defendant's stated intention to address deficiencies. *See Calcano*, 36 F.4th at 74.

### 3. Intent to Return

Plaintiff has failed to establish the intent-to-return prong by a preponderance of the evidence. "[T]he focus of the third factor -- i.e., intent to return based on past visits and proximity -- is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Calcano*, 36 F.4th at 74-75. "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* at 75. The FAC's allegations related to Plaintiff's intent to return are insufficiently detailed.

They closely resemble the allegations found lacking in *Calcano*. *See id.* at 47. In *Calcano*, plaintiffs alleged that they lived in close proximity to defendants' businesses, previously had been customers at the businesses and intended to return and complete a specific purchase "from the [d]efendants as soon as the [d]efendants sell [products] that are accessible to the blind." *Id.* at 76. The court held that those allegations were simply restatements of the court's standing test without additional corroborating detail, and as such were "nothing more than legal conclusion couched as . . . factual allegations." *Id.* (omission in original).

      Here, Plaintiff's allegations are equally bare. The FAC alleges that Plaintiff visited the Website on "several separate occasions" but fails to include detail regarding the number and timing of those occasions. *See Calcano*, 36 F.4th at 77 ("Nor do Plaintiffs' vague assertions that they have been customers at Defendants' businesses 'on prior occasions,' nudge their claims across the line from conceivable to plausible"). Plaintiff alleges that he sought out products from Defendant's Website because "Defendant claims that 'Capital Music Gear LLC was formed in 2018 in Madison Wisconsin with the sole purpose to improve the online shopping experience for musicians and music enthusiasts.'" This allegation copies text from the Website but fails to include any explanation or detail about why this general statement attracted Plaintiff, or why Defendant's products or Website particularly appealed to him. *Cf. Davis*, 2023 WL 4364465, at *1 (holding as sufficient to show an intent to return allegations that plaintiff sought out defendant's healthy snack spread products because "[p]laintiff enjoys honeyed butter, is generally interested in organic foods as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food," and additionally defendant's "honey sunflower butter is marketed as allergen friendly and a healthier eating option and does not contain excess sugar or palm oil in its recipe"). Finally, the FAC alleges that Plaintiff "intends to immediately revisit the

9

Website to purchase drumsticks from Defendant as soon as the access barriers are removed from the Website."  This formulaic recitation of the required standing element without additional explanation was held insufficient in *Calcano*.  36 F.4th at 76 ("Plaintiffs do not say why they want to purchase braille gift cards -- for their own use or as gifts -- so urgently that they intend to do so 'immediately as soon as the [d]efendants sell store gift cards that are accessible to the blind.'  Without such basic information, [p]laintiffs cannot possibly show that they have suffered an injury that is 'concrete and particularized.'").

While the FAC includes some information about Plaintiff's history as a musician and percussion teacher, those allegations are not enough to support his intent to return to Defendant's Website.  The FAC states Plaintiff "is a prolific musician and has played drums since age 4 and also teaches percussion to individuals and groups that include other similarly blind persons."  The FAC further states that "[h]e seeks to purchase audio products (musical instruments and audio equipment) for his own musical interests as well as to help him in his teaching endeavors of music."  While both allegations support the inference that Plaintiff may intend to purchase music and percussion products at some point in the future, the FAC fails to link those "some-day" intentions to Plaintiff's visiting or making a purchase on Defendant's Website in particular, or to any specific intended future visit to the Website.  *See Harty*, 28 F.4th at 443 ("Such some day intentions -- without any description of concrete plans, or indeed even any specification of when the some day will be -- do not support a finding of the actual or imminent injury that Article III requires.").

### B. Mootness

Plaintiff's claims are not mooted by Defendant's efforts to cure the Website.  No case or controversy exists where a request for injunctive relief is moot.  A request is moot if the

defendant meets the "the formidable burden" of showing that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 126-27 (2d Cir. 2020). "Generally, the voluntary cessation of allegedly illegal conduct is not enough to render a case moot. Otherwise, a defendant might strategically alter its conduct in order to prevent or undo a ruling adverse to its interest." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022).

Although Defendant asserts it has made significant investments in remedying the alleged accessibility defects and has hired a third-party mitigation company to audit the Website and maintain its accessibility, that evidence is disputed by Plaintiff's ADASure Report. Plaintiff's reports carry more persuasive weight. The ADASure Report provides specific information about alleged defects and also describes the relevant credentials of its drafter. The Affidavit fails to include any specific details about the "publicly available free ADA audit sites" or "third-party mitigation company" Defendant used to evaluate the alleged accessibility issues. Borgen himself does not have expertise in ADA compliance. As previously discussed with respect to standing, Plaintiff's ADASure Report asserts that there are at least four remaining accessibility issues on the Website as of May 2023, despite Defendant's arguments that it has fully cured any accessibility issues. The Affidavit merely states that Defendant's mitigation company "confirmed that none of these newly alleged issues would have barred any user from either placing an order with us or contacting us." The Affidavit does not address whether these issues would have otherwise hindered navigation or readability of the Website for users of screen readers. The Affidavit states that the issues with the PayPal button were not replicable with Defendant's testing but does not describe the specifics of how any testing was conducted or whether Defendant used the same screen-reader software as Plaintiff. Defendant argues that the

Website is more accessible now than four other websites, amazon.com, trintascellars.com, gottliebelaw.com and w3.org, but this is not persuasive evidence that the Website is itself accessible; those other websites simply may also feature accessibility barriers.

Based on the ADASure's allegations of remaining barriers despite Defendant's arguments that all defects have been cured, Defendant has not met the "formidable burden" of making it "absolutely clear" that the allegedly wrongful behavior has ceased and that it "could not reasonably be expected to recur." *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 126-27 (2d Cir. 2020); *see Hecht v. Magnanni Inc.*, No. 20 Civ. 5316, 2022 WL 974449, at *4 (S.D.N.Y. Mar. 31, 2022) (concluding defendant had failed to establish mootness where parties disagreed over whether defendant's website changes remedied the alleged ADA violations).

### C.      State and Local Law Claims

Regarding the NYCHRL and NYSHRL claims, Plaintiff lacks standing to pursue injunctive relief on these claims for the same reasons discussed above. *Tucker v. Denny's Corp.*, No. 19 Civ. 9843, 2021 WL 4429220, at *2 (S.D.N.Y. Sept. 27, 2021) ("NYSHRL and NYCHRL claims are governed by the same standing requirements as the ADA.  Because [a plaintiff] has standing to sue under the ADA, [a plaintiff] similarly has standing sue under the NYSHRL and the NYCHRL."). To the extent the Court has subject matter jurisdiction to adjudicate Plaintiff's claims for damages under the NYCHRL and NYSHRL, the Court declines to exercise supplemental jurisdiction over those claims. *See Calcano*, 36 F.4th at 78 ("The district court acted within its discretion in declining to exercise supplemental jurisdiction over [p]laintiffs' state and local law claims.").

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. By **April 26, 2024**, Plaintiff may file a letter seeking leave to amend the FAC to cure the deficiencies identified in this opinion. The letter shall explain how the deficiencies are cured, and shall include as an attachment a proposed second amended complaint marked to show changes compared with the FAC. If Plaintiff determines that he cannot in good faith cure the deficiencies, or for any reason does not file such a letter, the case will be dismissed with prejudice.

Dated: April 12, 2024
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**